```
                  UNITED STATES DISTRICT COURT
                   EASTERN DIVISION OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| TAMARA BOWLING, individually )<br>and as Administratrix of the )<br>Estate of Don Bowling, )<br>deceased )<br> )<br>    Plaintiff, )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>    Defendant. ) | Civil Case No.<br>5:11-cv-140-JMH<br><br>**MEMORANDUM OPINION & ORDER** |

This action is before the Court on Defendant's partial motion to dismiss. (D.E. 67). Under this Court's abbreviated scheduling order, Plaintiff has responded (D.E. 73), and Defendant has replied (D.E. 75). Therefore, this motion is ripe for decision. For the reasons which follow, Defendant's partial motion to dismiss is granted.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The decedent, Don Bowling, went to the Veterans Affairs Medical Center ("VAMC") in Lexington, Kentucky, on May 21, 2008, for a routine medical visit. (D.E. 30, Hackney Deposition, at 13). During his appointment, Mr. Bowling expressed a specific suicidal plan to his primary care physician, Dr. Connie Hackney, in response to her questions. (D.E. 30, Hackney Deposition, at 14-15). Despite Mr. Bowling's statements, he was not admitted to

the VAMC for treatment on May 21, 2008, on a voluntary or involuntary basis. (D.E. 30, Hackney Deposition, at 20). On June 29, 2008, Mr. Bowling committed suicide at his place of work in Winchester, Kentucky using a firearm obtained from his home. (D.E. 37-6, Death Certificate).

Mr. Bowling's wife, Plaintiff Tamara Bowling, filed an administrative claim with the Department of Veteran's Affairs ("VA") on November 25, 2008, against the VAMC. (D.E. 67-3, 11/25/08 Wrongful Death Claim). The only claim Plaintiff asserted in this first administrative filing was a wrongful death claim against the VAMC on behalf of her deceased husband's estate. (D.E. 67-3, 11/25/08 Wrongful Death Claim). This claim was denied by the VA on May 21, 2009, via certified mail. (D.E. 67-4, 5/21/09 Denial Letter).

Thereafter on November 3, 2009, Plaintiff sent the VA a letter requesting reconsideration of the May 21, 2009, denial of her original claim. (D.E. 67-5, 11/3/09 Notice of Disagreement). On July 30, 2010, the VA notified the Plaintiff that it was still reconsidering her wrongful death claim and gave her the option to wait for a decision or file suit in district court. (D.E. 73-2, 7/30/10 Letter). Plaintiff decided to wait for a decision from the VA.

In the meantime, Plaintiff filed an amended claim in August 2010, which for the first time included an individual personal injury claim alleging spousal loss of consortium. (D.E. 73-3, 8/10/10 Letter). Thereafter, on October 21, 2010, the VA notified Plaintiff via certified mail that it had completed reconsideration of her claim and was again denying it. (D.E. 73-1, 10/21/10 Letter). On April 21, 2011, Plaintiff timely filed her Complaint under the Federal Tort Claims Act in this Court in which she asserted claims for wrongful death and loss of consortium. (D.E. 1, Complaint).

## II. STANDARD OF REVIEW

Defendant seeks dismissal of Plaintiff's loss of consortium claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction. Subject matter jurisdiction is always a threshold determination, *American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007), and may be raised at any stage in the proceedings," *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008).

"When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter."

3

*Bowers v. Wynne*, 615 F.3d 455, 457 (6th Cir. 2010) (quoting *Golden v. Gorno Bros. Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). In this case, because Defendant attached exhibits in support of its motion to dismiss, the motion is appropriately construed as an attack on the factual basis for jurisdiction, and this Court therefore must weigh the evidence. *Id.* If, after weighting the conflicting evidence, this Court determines that subject matter jurisdiction does not exist as to Plaintiff's loss of consortium claim, the claim must be dismissed. Fed. R. Civ. P. 12(h)(3).

### III. ARGUMENT

Under the FTCA,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The statute of limitations provision in § 2401(b) has been narrowly construed, and a Plaintiff must both file her administrative claim within two years after accrual of the claim *and* file her action in district court within six months of the agency's final action for jurisdiction to be proper. *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008). Despite the "or" language

4

in § 2401(b), if a plaintiff fails to comply with either of the two deadlines in the statute, her claim is barred. *Id.*

In this case, the parties agree that Plaintiff's FTCA claim was timely filed in this Court within six months after the VA denied Plaintiff's administrative claim. The parties also agree that Plaintiff's claim accrued on June 28, 2010, the date of the decedent's death. However, Defendant argues that Plaintiff's loss of consortium claim must be dismissed because she failed to assert the claim at the administrative level until after the two year statute of limitations period in § 2401(b) expired. Contrarily, Plaintiff argues that under 28 C.F.R. 14.2(c) (2008),

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a).

§ 14.2(c). Plaintiff argues that final agency action over her administrative claim did not occur until the VA denied it for the second time upon reconsideration on October 21, 2010. Thus, she argues that under § 14.2(c), it was entirely permissible for her to file a request that the VA reconsider her original administrative claim (solely asserting a wrongful death action on behalf of her husband's estate), to then file an amended administrative claim outside of the two year limitations period asserting

5

an entirely new claim (loss of consortium) by an entirely new party (Plaintiff in her individual capacity), and then tack on the added claim in the district court action after the VA denied her claim on reconsideration.

However, a Plaintiff cannot amend a claim after the two year statute of limitations has passed to add entirely new claims or new parties in *Withrow v. United States*, Civ. A. No. 5:05-152-JMH, 2005 WL 2403730 (E.D. Ky. Sept. 28, 2005). In *Withrow*, the plaintiff filed an administrative claim with the VA after her husband was prematurely sent home from the VAMC on September 23, 2001. *Id.* at *1. In her first two administrative claims on July 22, 2003, and August 12, 2003, she listed herself as the only claimant and did not mention a loss of consortium claim. *Id.* at *2. Subsequently, on October 4, 2004, after the expiration of the two year statute of limitations, the plaintiff's counsel submitted an amended claim adding her children as claimants and adding spousal and parental loss of consortium claims. *Id.* at *2.

In reliance on *Manko v. United States*, 830 F.2d 831 (8th Cir. 1987) and *Lee v. United States*, 980 F.2d 1337 (10th Cir. 1992), this Court found that an amended administrative claim adding entirely new parties and new claims could not relate back to the original, timely filed

6

administrative claim. *Id.* at *6. Therefore, since the plaintiff's second amended claim adding new parties and new claims was filed outside of the FTCA's two year statute of limitations, both the plaintiff's and her children's loss of consortium claims were dismissed. *Id.* at *8. The present case is very similar.

Plaintiff argues that *Withrow* is distinguishable from the present situation because "1) Plaintiff's loss of spousal consortium claim is recognized by Kentucky law, whereas the Withrow adult children's loss of consortium claim is not, and 2) Plaintiff requested and received reconsideration of the denial of her claim, which extended her deadline to assert her loss of consortium claim, whereas the Withrow claimants did not." (D.E. 73, Plaintiff's Response, at 7). Plaintiff's first distinction is clearly misplaced, as the plaintiff in *Withrow* added a spousal loss of consortium claim in her individual capacity *in addition to* her adult children's loss of consortium claims. *Withrow*, 2005 WL 2403730, at *7 (". . . the October 4, 2004, amended claim clearly sought loss of consortium damages for . . . Mrs. Withrow and the Withrow children. . ."). This Court dismissed all of the loss of consortium claims as untimely, not just those asserted by the adult children. *Id.* at *8 ("The timely August 12, 2003

7

claim form did not mention any claims for loss of consortium for either Mrs. Withrow or the Withrow Children. Therefore, the plaintiff is foreclosed from arguing that the loss of consortium claims were properly presented to the agency. . .").

Further, in Plaintiff's second distinction, she attempts to create two issues where there is really just one. While *Withrow* was indeed decided on relation back grounds, the basic guiding principle behind the decision was that a plaintiff cannot amend her administrative claim after the two year statute of limitations has passed to add new claims and new parties and then expect the added claims to be timely when she files suit in the district court. Regardless of whether the issue is framed as a relation back issue or as an issue of the intersection between § 2401(b) and § 14.2(c), the fact remains that if Plaintiff is permitted to ignore § 2401(b) by amending her claim to add new claims and new parties before the VA's "final action", then "the FTCA's statute of limitations would not have any meaning." *Id.* at *6. Indeed, if Plaintiff were to get her wish, then as explained in *Withrow*,

> Plaintiff[s] could avoid the limitations period by merely amending the original claim to add additional claims, anytime after the limitations period has expired. Or, persons not parties to the original claim, like [a plaintiff's] children and [the

8

>plaintiff] individually, could simply be added to the amended claim after the expiration of the limitations period, and, in effect, completely avoid the statute's requirements.

*Id.*

To the extent that there is any doubt about whether the *Withrow* analysis addresses the issue at hand, *Lee v. United States*, 980 F.2d 1337, which this Court followed in the *Withrow* decision, is again persuasive authority. In *Lee*, the plaintiffs filed an administrative claim with the VA on behalf of their daughter alleging medical malpractice. *Id.* at 1338. After the two year statute of limitations expired, plaintiffs amended the administrative claim to add themselves as claimants. *Id.* at 1339—40. All parties involved agreed that when the plaintiffs amended their claim, there had not been a final agency disposition of the original claim, and the plaintiffs, thus, argued that § 14.2(c) gave them the authority to amend their claim to add themselves as parties despite being outside of the limitations period. *Id.* at 1340.

The Tenth Circuit disagreed and held that allowing plaintiffs to amend their administrative claim to add new parties after the statute of limitations expired would entirely defeat the obvious purpose of § 2401(b). *Id.* (citing *Kubrick*, 444 U.S. at 117—18). The Tenth Circuit's

9

reasoning is sound. *See Kubrick*, 333 U.S. at 117–18 ("Section 2401(b) . . . is the balance struck by Congress in the context of tort claims against the Government, and we are not free to construe it so as to defeat its obvious purpose which is to encourage the prompt presentation of claims.").

Finally, Plaintiff cites *Wooding v. United States*, Civ. A. No. 05-1681, 2007 WL 2071674 (W.D. Penn. July 13, 2007) in support of her argument, but Plaintiff's attempt to liken her situation to *Wooding* is unavailing. In *Wooding*, the plaintiff filed an administrative claim with the VA alleging a breach of the medical standard of care and "medical negligence" against a veteran's hospital. *Id.* at *1. After the two year statute of limitations expired, the plaintiff amended his administrative claim to add a negligent misrepresentation claim, alleging the additional fact that the physician who performed the surgery misrepresented his experience and credentials. *Id.* Although the judge held that the misrepresentation claim was properly before the court regardless of the expiration of the two year statute of limitations, she specifically distinguished the facts from *Withrow* and *Lee* because the claimants there attempted to "inject new legal theories

10

asserted by new claimants," which was not the case in *Wooding*. *Id.* at *3.

The *Wooding* court's distinction of that case from *Withrow* and *Lee* is instructive. For example, whereas Plaintiff presented an entirely new claim (loss of consortium) by an entirely new party (Plaintiff in her individual capacity), the plaintiff in *Wooding* was neither a new claimant, nor was his negligent misrepresentation claim considered new because it was still a theory of negligence and thus within the bounds of his original administrative claim. *Cf. Parsons v. United States*, Civ. A. No. 5:03-89-JMH, 2004 U.S. Dist. LEXIS 30584, at *5 (E.D. Ky. Nov. 4, 2004) (noting that under Kentucky law, "[e]ven though a wrongful death action and a loss of consortium claim may arise from the same injury, they belong to separate legal entities and consequently should not be treated as a single claim.") (quoting *Guiliani v. Guiler*, 951 S.W.2d 318, 322 (Ky. 1997)).

In sum, relation back applies to this context; however, it does not save Plaintiff's claim here. Therefore, because Plaintiff's amended administrative claim for loss of consortium was untimely filed, this Court lacks jurisdiction over the claim and it must be dismissed in its entirety. Plaintiff's wrongful death claim, brought in her

11

capacity as the Administratrix of Mr. Bowling's estate, remains.

**IV. CONCLUSION**

For the reasons stated above, **IT IS ORDERED**:

(1) that Defendant's Motion to Dismiss (D.E. No. 67) shall be **GRANTED**.

(2) that Plaintiff's loss of consortium claim be **DISMISSED WITH PREJUDICE**.

(3) that the Plaintiff in her individual capacity be **DISMISSED AS A PARTY**.

This, the 26th day of October, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge